JACOB BERSCHE *et al.*, Respondents, v. GLOBE MUTUAL INSURANCE COMPANY, Appellant.

1. A notice by an insurer, under the conditions of the policy authorizing him at his election to rebuild and repair in case of loss, that he elects to repair or rebuild, is a waiver by the insurer of any defence based upon misrepresentation of the assured at the time of the application, no fraud or mistake being shown.
2. A condition in a policy that misrepresentation or concealment shall make the insurance void and of no effect, may be waived by the insurer.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit upon a policy against fire, in the sum of five thousand dollars, issued by the defendant on the starch factory of the plaintiff, March 8, 1858. The answer alleged that, at the time of making application for insurance, the plaintiffs made misrepresentations as to the value of the property, and that they kept and would keep a watchman upon said premises, and that by means of said misrepresentations defendant was induced to issue the policy, which they would not have done; that the plaintiffs made oath that at the time

of the fire the property was worth forty-five thousand dollars, and that their loss was forty thousand five hundred dollars, which statements were false, and known by the plaintiffs so to be.

At the trial plaintiffs offered in evidence the policy, and then offered a notice given by the defendant to the plaintiffs of their intention to rebuild, dated May 3, 1858. It was admitted that the preliminary proofs had been duly filed in the office of defendant. Evidence was given as to the value of the property, and as to the representation that a watchman was and would be kept on the premises.

The conditions of the policy and the instructions are stated in the opinion of the court.

*B. A. Hill*, for appellant.

I. The misrepresentation made by the plaintiffs in regard to a watchman, the falsehood of which was not discovered until after notice of election to rebuild, made the policy void *ab initio*. The contract of insurance has its foundation in the mutual good faith of the parties. If the assured violate that good faith in any circumstance entering into the creation of the contract, it is no doubt void. (Per Oakley, C. J., in Stebbings v. Globe Ins. Co., 2 Hall, N. Y., 632; Daggett v. Emerson, 3 Story, 733; Smith v. Babcock, 1 Wood. & M., 246; McFerran v. Taylor, 3 Cranch, 270; Buford v. Caldwell, 3 Mo. 335; Angell, F. & L. Ins., § 152, & 149, 150, 167.) A misrepresentation or concealment by an agent, though not known to the assured, will have the same effect. (Carpenter v. Am. Ins. Co., 1 Story, C. C. R. 59; 1 T. R. 12; 1 Phil. Ins., 3d Ed., 290.) A positive affirmative representation as to the future is in effect a stipulation, and a non-fulfilment thereof will defeat the policy. (1 Phil. on Ins. 302; 2 Duer, Mar. Ins. 657; Rice v. New Eng. Mar. Ins. Co. 4 Pick. 439; Clark v. Marine Ins. Co., 8 How. 235; Houghton v. Manuf. & M. Ins. Co., 8 Met. 114.) If the representation was material, the consequence is that the policy was void. (Angell on F. & L. Ins. 184, § 152.) This was

an affirmative and promissory positive representation, and not one of expectation.

II. The election to rebuild was no waiver of the defence of misrepresentation. The proposal to rebuild was a proposed compromise between the cost of rebuilding and the adjustment of the loss. The plaintiffs do not accept or regard it as binding, as they sue for the loss. If the defendant had promised to pay by an adjustment, it would not have prevented them from setting up the defence of false representation. (Angell on F. & L. Ins. 295; Ellis 95; Bilbie v. Lumley, 2 East. 469; 2 Phil. on Ins., § 1816, &c. The policy being void *ab initio*, the notice can not help the policy.

*J. O. Broadhead*, for appellant, presented the same points.

*Glover* and *Shepley*, for respondents.

I. It is competent for the defendant to waive any matter of defence, which, if not waived, might bar a recovery. The principle has been recognized from the earliest decisions on the subject of insurance.

*a.* As to all matters happening after the loss, it is too well established to be questioned. (Heath v. Franklin Ins. Co., 1 Cush. 264; O'Neil v. Buffalo F. Ins. Co., 3 Coms. 122; Kyle v. St. Louis Ins. Co., 11 Mo. 278; Phillips v. Protection Ins. Co., 14 Mo. 220; Noonan v. Hartford F. Ins. Co., 21 Mo. 84.) In respect to mutual companies, when in some cases the charter made it necessary for the insured to do certain things to fix the liability of the company, the courts held that all the matters may be waived by acts or omissions of the insurer. (McMasters v. Western Mut. Ins. Co., 25 Wend. 279; Bodle v. Chenango Mut. Ins. Co., 2 Comst. 53; Blinsted v. Dividend Mut. Ins. Co., 2 Kerwan, 81; Clark v. New Eng. Mut. Ins. Co., 6 Cush. 342; Underhill v. Agawam Mut. F. Ins. Co., 6 Cush. 440; Noyes v. Wash. Co. Mut. Ins. Co., 30 Verm. 659; Wood v. Rutland & Mut. Ins. Co., 31 Verm. 552.)

*b.* As to matters before any loss occurred, see 31 Verm. 552; Peacock v. N. Y. Life Ins. Co., 1 Bosworth, N. Y.,

338; Union Mut. F. Ins. Co. v. Keyser, 32 N. Hamp. 313 ; N. Y. Central Ins. Co. v. Protection Ins. Co., 2 Barb. 468 ; Hale v. Union Mut. Ins. Co., 32 N. H. 295; Ames v. N. Y. Union Ins. Co., 4 Kernan, 253 ; Gates v. Madison Co. Mut. Ins. Co., 2 Comst. 43 ; Frost v. Saratoga Mut. Ins. Co., 5 Denio, 154 ; Vial v. Genessee Mut. Ins. Co., 19 Barb. 440.

II. It was competent for the defendant to waive any misrepresentation. Everything that an individual insurer could do, an incorporated insurer can do. They can waive what is for their benefit. The defendant could have paid the loss. A policy of insurance is like any other contract, and subject to the same rules. (25 Wend. 374.)

III. The instructions given are within the principles laid down by the authorities. If the representation was merely promissory, that there would be a watchman kept, then whether one is kept or not the policy is not void. (Olmstead v. Mut. Ins. Co., 4 Hill, 329.)

IV. By the notice given, the defendant is estopped, 1st, from denying that the policy is a valid and subsisting policy ; 2d, from alleging that the representation was material to the risk. (5 Denio, 154 ; 4 Metc. 206 ; 19 Barb. 440.)

BATES, Judge, delivered the opinion of the court.

This was an action on a policy of insurance against loss by fire, issued by the defendant to the plaintiff on their starch factory in St. Louis, which was destroyed by fire. It was provided in the policy that it was made and accepted in reference to the terms and conditions thereto annexed, which were to be used and resorted to, in order to explain the rights and obligations of the parties thereto in all cases not therein otherwise specially provided for. The second condition annexed to the policy was: " If any person, insuring any building or goods in this company, shall make any misrepresentation or concealment, or if after the expiration of a policy of insurance, and before the renewal thereof, the risk shall be increased by any means whatever within the control of the assured, or if such building or premises shall be occu-

pied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of no effect." It was also provided in the seventh condition annexed to the policy, that, "In case of loss or damage under this policy, the insurers may, if they so elect, within twenty days after proof of loss, repair or rebuild the premises insured, and if they shall, in a reasonable time after notice of such election, restore to the insured the premises insured in as good condition as they were before the loss or damage, the insurer shall be discharged." It was claimed by the defendant that at the time that plaintiffs applied to the defendant for insurance they represented that a watchman was then kept on the premises, and that they would continue to keep one. At the trial, it appeared that no watchman was kept, and there was conflicting testimony as to whether a representation had been made that a watchman would be kept. It also appeared that the defendant, after the fire, gave the plaintiffs notice that they would rebuild the premises. The court, on motion of plaintiff, gave these instructions:

1. It is no defence to a recovery in the suit that the plaintiffs, or any of them, either at the time of obtaining the policy sued on represented the value of the buildings on said premses greater than their real value, or after the loss represented the value of the property insured, or the extent and amount of the loss, greater than it really was, unless the same was done knowingly and wilfully by plaintiffs, and with a fraudulent design. 2. If the jury believe from the evidence that the defendant gave to plaintiffs the notice of their intention to rebuild the premises destroyed by fire, given in evidence by plaintiffs, and at the time of giving said notice the defendant knew that no watchman had been kept upon said premises from the time of the issuing of said policy to the time of the happening of the loss, then the jury may infer that the defendant waived their right to interpose that fact as a defence to the right of plaintiffs to recover under the policy, and the burden of proof is on the defendant to satisfy the jury that at the time of giving such notice the defendant was ignorant of

that fact.   3. Even if the jury shall believe from the evidence that at the time the insurance was applied for by the plaintiffs, or their agent, of the defendant, the plaintiffs, or their agent, represented that a watchman was kept and would be kept upon said premises insured, and that no watchman was then or afterwards kept thereon, yet, unless the jury believe that the said representation was one of the causes why defendant took the risk, and without such watchman being then kept and continuing to be kept the said defendant would not have taken the risk or issued the policy, then the fact that no watchman was kept proves no defence to this action. 4. Although the jury may believe that at the time of making the application for the policy sued upon by plaintiffs, or their agents, it was represented by them, or their agents, that a watchman was and would be kept in charge of the premises insured, and that that matter was regarded by the agents of defendant as material to the risk—that is, without such representations the risk would not have been taken, or a higher rate of premium would have been charged therefor ; and that the building was damaged or lost by fire, and at the time there was no watchman in charge of the premises ; and that the defendant, by its authorized officers and agents, knew these facts, and with such knowledge the defendant alone, or in conjunction with other companies, agreed to make good the loss by rebuilding the premises, and notified plaintiffs thereof, and failed or refused to rebuild, and made no objections to making good the loss on the ground that no watchman was in charge of the premises at the time of the fire until after the institution of this suit: from these circumstances the jury are authorized to infer that defendant waived that matter, and in such case it constitutes no defence to this suit.

To the giving of which instructions the defendant by its counsel objected, and the objection being overruled, defendant at the time duly excepted, and the instructions were given.

The court also, on motion of defendant, gave this instruction:

"If the jury find from the evidence that the plaintiffs, in person, or by their agent, Wm. Bersche, in that behalf, at the time of the application for insurance upon the premises in question, represented to the defendant, its officers or agents, that the plaintiffs then had and would continue to keep a watchman upon the said premises, and that the said policy issued in this case to plaintiffs by defendant was issued upon the said representation, and that said representation had a material influence upon the minds of the agents of defendant in inducing them as such agents to take the said risk, and that the said risk would not have been taken by the defendant, its officers or agents, if the said representation had not been made ; then if the jury find that the plaintiffs did not keep a watchman upon the said premises at the time of and after the issuing of said policy, the jury will find for the defendant.

The defendant asked these instructions, which the court refused to give :

1. If the offer of defendants to rebuild was made within twenty days after notice and proofs of loss were delivered by plaintiffs, then the plaintiffs can not recover in this action. 2. If the offer of defendant to rebuild was not made within twenty days after notice and proofs of loss were delivered to defendant by the plaintiffs, but if the plaintiffs assented to said offer to rebuild, then the plaintiffs can not recover. 3. If it does not appear from the evidence when the proofs of loss were delivered, then the jury are to find whether the defendant's offer to rebuild was accepted by the plaintiffs ; and if the said offer to rebuild was not accepted, then the offer to rebuild is not a waiver of any defence in this action upon the question of representation ; and if the said offer to rebuild was accepted by the plaintiffs, then the plaintiffs can not recover in this action. 4. If the jury believe from the evidence that either of the plaintiffs, or Wm. Bersche, as

their agent, at the time of applying for the policy sued on, or at any time during the negotiations which resulted in the issuing of said policy, represented to the officers of the defendant that plaintiffs then kept and would continue to keep a watchman upon the insured premises; and if they further believe that defendant would not have granted said policy and taken said risk if such representation had not been made; and if they further believe that no watchman was kept upon said premises at the time said representation was made, nor at any time thereafter up to the time of the fire, and that the officers and agents of the defendant had no knowledge or information until after the fire that such watchman was not kept; then they are instructed that there was such misrepresentation on the part of the plaintiffs as to render said policy absolutely void, and no acts of the defendant, or its officers. or agents, after the fire, given in evidence, could have the effect of giving said policy any force or validity, and the verdict should be for the defendant.

At the hearing in this court, the defendant (appellant) formally withdrew any objection to the first instruction given for the plaintiffs, and no question was made upon the first three of the instructions refused the defendant, and they appear to have been very properly refused.

The other instructions—that is, the last three given for the plaintiffs, the one given for the defendant, and the fourth refused the defendant—all refer to the representation alleged to have been made, and its materiality and the breach of it, and the alleged waiver of it by the election of the defendant to rebuild. Under the instructions given, if the jury had found that the alleged representation was made, and that it was so material that if it had not been made the risk would not have been taken, or a higher rate of premium would have been charged; and that no watchman was kept, (of which there is no question;) and that, at the time of making the election to rebuild, the defendant had no knowledge of the fact that no watchman was kept, they must have found a verdict for the defendant. The jury, however, found a

verdict for the plaintiff, and that verdict must have been based upon the ground, 1st, that the representation was not made ; or, 2nd, that it was not material ; or, 3d, that the defendant, before making the election to rebuild, had knowledge that no watchman was kept. If based upon either of the two first mentioned grounds, no one would doubt the legal propriety of the verdict. The question then to be considered is whether, if the verdict was based upon the third ground, it was legal and proper. The plaintiffs insist that the defendant had a legal competency to waive their right (if any) to defend against the plaintiffs' claim by setting up their failure to comply with the representation, and that their election to rebuild and notice of it was such waiver. The defendant, on the other hand, contends that the policy was void *ab initio*, and could not be revived by an act which supposes a liability, and that the election and notice given of it were not efficient to revive it. The second condition annexed to the policy, (under which these questions arise,) includes not only misrepresentations and concealments, which may be supposed to precede the issuing of the policy, but also other matters which may follow the issuing of the policy, extending to all such occupation of the premises insured which may render the risk more hazardous, as matters which shall render the insurance, not the policy, void and of no effect.

Misrepresentation is therefore put by the contract upon the same footing with all other things which may happen to increase the risk, and the courts have frequently held that such defences may be waived. There is no reason why contracts of insurance, whether made by natural persons or artificial corporations, should be construed differently from other contracts. After the destruction by fire of the plaintiffs' factory, surely the defendant might have paid the amount of the insurance if it had chosen so to do ; much more could it waive a single ground of defence to the plaintiffs' claim. The question recurs, did the election to rebuild and the notice of that election given the plaintiffs, operate as a waiver of the defence of misrepresentation ? Bearing in mind that the

jury (if the verdict is based upon a waiver at all) have found that the defendant had knowledge that no watchman was kept, it is clear that the defendant did not rely upon the misrepresentation as a defence to the plaintiffs' claim; and if it had announced to the plaintiffs that it would make good their loss by paying them the money, it would seem clear that all defences were thereby waived, no fraud or mistake being shown. The notice to the plaintiffs that the defendant would rebuild the premises is an announcement that it would make good their loss in another way than by the payment of money, the right to do which was reserved in the contract as a privilege to the defendant which the plaintiffs could not reject, and which needed no acceptance from them to render binding.

The instructions left it to the jury to infer from the evidence stated that a waiver was made; and if it has so inferred, no objection is perceived to the inference.

Judges Bay and Dryden concurring in this decision, the judgment is affirmed.